UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY RIVERA,

    Plaintiff,

-VS-

DEPARTMENT STORES NATIONAL
BANK, d/b/a MACY'S,

    Defendant.
_____/

CASE NO.:

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 245-5012, and was the called party and recipient of Defendant's hereafter described calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

16. In or about November of 2013, Plaintiff opened a credit account with Defendant in. At that time, Plaintiff was asked a series of questions by a sales clerk acting as an agent of

Defendant, including his mailing address, which was recorded by the clerk on the application. At no time was plaintiff offered a copy of the application to review for accuracy.

17. In or about January of 2014, Defendant initiated its campaign of automated phone calls to the Plaintiff on his aforementioned cellular telephone number, which included a pre-recorded message instructing Plaintiff to contact Defendant regarding his account, and provided Plaintiff no way to be connected with an agent/representative of the Defendant.

18. In or about January of 2014, upon receipt of the calls from Defendant, Plaintiff's caller ID identified that the calls were initiated from, but not limited to, the following phone numbers: (800) 511-3207, (513) 754-9837.

19. In or about January of 2014, Plaintiff contacted the customer service line of the Defendant in an attempt to stop the automated calls to his aforementioned cellular telephone number, and spoke to an agent/representative of Defendant, who informed Plaintiff that his payment was late. At that time, Plaintiff informed Defendant that they had never provided Plaintiff with an account number to reference, nor ever mailed Plaintiff an account statement detailing a balance on his account.

20. Additionally, in or about January of 2014, Plaintiff filed a complaint with the Better Business Bureau referencing the aforementioned difficulties he had with the Defendant regarding his account. Shortly thereafter, Plaintiff received a call from an agent/representative of Defendant in response to his complaint, who then identified that Defendant had the wrong mailing address recorded on the account, updated the agent/representative of Defendant with correct address and requested that Defendant mail him a proper account statement, and revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21. On or about February 4, 2014, Plaintiff received an email from an agent/representative of Defendant, Jose Claro Bauda, which included the first account statements received by the Plaintiff, still displaying the incorrect address for the Plaintiff and a $25.00 late fee on Plaintiff's account, which Plaintiff disputed for the reason that he was unable to make a payment on an account for which he had not received a bill or account number.

22. On or about February 5, 2014, due to the continued receipt of automated phone calls from the Defendant to his aforementioned cellular telephone number, Plaintiff sent Defendant written correspondence confirming that they had the wrong address on file, again requesting a correct account statement, and informing Defendant that upon receipt of said statement, he would pay the balance in full, and close the account.

23. On or about February 11, 2014, due to the continued receipt of automated phone calls from the Defendant to his aforementioned cellular telephone number, Plaintiff sent an additional written correspondence to Defendant, in which he made a good-faith payment of $25.00 on his account, and again requested that Defendant adjust and produce an accurate account statement to his mailing address, at which time he would pay the account in full, and close the account.

24. On or about May 7, 2014, Plaintiff sent an additional written correspondence to Defendant informing them that to date, he had continued to get unwanted auto-dialed telephone calls from Defendant on his aforementioned cellular telephone number, and again requested that Defendant adjust and produce an accurate account statement to his mailing address, at which time he would pay the account in full, and close the account.

25. In or about May of 2014, due to the continued receipt of automated phone calls from the Defendant to his aforementioned cellular telephone number, and the failure of Defendant to provide Plaintiff an accurate billing statement to his correct mailing address despite

4

multiple written and verbal requests by the Plaintiff to do so, Plaintiff again filed a complaint with the Better Business Bureau.

26. On or about May 27, 2014, Plaintiff received a written response from Jeff Taylor, with "Macy's Executive Office" [**See Attached Exhibit "A"**], acknowledging that Defendant's statements to the Plaintiff had been returned to the Defendant with the incorrect mailing address, that all late charges on Plaintiff's account would be removed, and confirming that Defendant would put a "halt to the telephone calls from our Collections Department."

27. In or about June of 2014, Plaintiff issued Defendant a payment in the amount of $82.00 as full and final payment of his account with Defendant.

28. Through approximately October of 2014, Plaintiff continued to receive automated telephone calls from Defendant regarding his account with Defendant, despite numerous written and verbal demands that Defendant cease calling his aforementioned cellular telephone number.

29. From January of 2014 through the filing of this Complaint, or at such time as will be determined by a review of Defendant's records, Defendant has made approximately two-hundred fifty (250) phone calls to Plaintiff's aforementioned cellular telephone number. [**See Attached Exhibit "B"** demonstrating a non-exclusive list of at least 95 phone calls between May 5, 2014 and October 02, 2014].

30. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

31. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

32. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having his express permission to do so.

33. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

34. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

35. Defendant has a corporate policy of using an automatic telephone dialing system, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

36. Defendant has a corporate policy of leaving voicemails using a pre-recorded or artificial voice without consent, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

37. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

38. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

39. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

40. Defendant violated the TCPA with respect to the Plaintiff.

41. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff

## COUNT I
### (Violation of the TCPA)

42. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

43. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

44. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

45. Plaintiff incorporates Paragraphs one (1) through forty-one (41).

46. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

48. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

49. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

50. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Amanda J. Allen
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Attorney for Plaintiff

Johnny Rivera
5326 Bradbury Ct
Tampa , FL  33624

Dear Johnny Rivera :

This message is in regard to your concerns submitted on 5/16/2014 10:05:46 AM against Macy's. Your complaint was assigned ID 10053602. We received the business's response to your concerns, and you can find the contents of the message below or attached.

To assist us in bringing this matter to a close, we would like to know your view on the matter.

* Has the company addressed the issues of this dispute?
* If not, why?
* Has the company met the agreement they outlined in their response?

Please submit your thoughts via online system, fax or mail within 7 days.

The text of your complaint may be publicly posted on BBBs Web site (BBB reserves the right to not post in accordance with BBB policy). Please do not include any personally identifiable information when you tell us about your problem or in your desired outcome. By submitting your complaint, you are representing that it is a truthful account of your experience with the business. BBB may edit your complaint to protect privacy rights and to remove inappropriate language.

Your complaint will be made part of the company's BBB Business Review for the next 3 years. If we don't hear from you, your complaint will be reflected as "resolved." Should you have any questions or further concerns, please do not hesitate to contact us. We would be glad to assist you.

Regards,

Ereico Essex


**MESSAGE FROM BUSINESS:**

P.O. Box 52184  Phoenix, AZ 85072-2184
May 27, 2014
Mr. Johnny Rivera
5326 Bradbury Court
Tampa, FL 33624 - 2544
Re: Better Business Bureau complaint ID # 10053602
      Macy's account ending in 6652
Dear Mr. Rivera:
I am in receipt of your recent complaint forwarded to us by the Better Business Bureau on May 16, 2014. As a representative of Macy's Executive Office, I was asked to review and respond to your concerns on behalf of Department Stores National Bank. Please accept my apology for any difficulties you may have experienced regarding this issue.
Upon receipt of your complaint I verified that on March 27, 2014, we


EXHIBIT "A"

received your March billing statement returned to us as undeliverable. On May 16, 2014, I updated the address to that which appears on this letter. The only change being made was to the last four numbers of the zip code. I spoke with a representative of the United States Postal Service who confirmed the validity of the address we have on file. Although he did not feel that the last four digits of the zip code was responsible for the returned mail, he did recommend that you speak with your local post office to see if there may be another reason for you not receiving our billing statements. I have enclosed copies of your March, April and May 2014 billing statements for reference.

All late fees charged due to this issue have been removed. I have also requested a halt to the telephone calls from our Collections Department. The last payment we received was on March 20, 2014, for $27.78. The total outstanding balance on the account is $79.00 with a minimum payment of $25.00 due by June 1, 2014. Please be advised that you may access your account anytime through our website, macys.com.

Mr. Rivera, I appreciate your allowing me the opportunity to address this issue and hopefully prevent any further disruptions in you receiving our correspondence by mail. Please do not hesitate to contact me at the telephone number listed below if I may be of additional assistance.

Sincerely,
Jeff Taylor
Macy's Executive Office
1-888-622-9793 Extension 73281
**Enclosures / mailed May 27, 2014**
cc: Mr. Ereico Essex, BBB

The Macy's card is issued by Department Stores National Bank.

# Phone Call Log for (813) 245-5012

|     | Date       | Time      | Caller           |
|-----|------------|-----------|------------------|
| 1.  | 05/05/2014 | 09:55 am  | (800) 511-3207   |
| 2.  | 05/05/2014 | 12:55 pm  | (800) 511-3207   |
| 3.  | 05/05/2014 | 03:56 pm  | (800) 511-3207   |
| 4.  | 05/05/2014 | 06:56 pm  | (800) 511-3207   |
| 5.  | 05/05/2014 | 07:48 pm  | (800) 511-3207   |
| 6.  | 05/06/2014 | 12:39 pm  | (800) 511-3207   |
| 7.  | 05/08/2014 | 09:44 am  | (800) 511-3207   |
| 8.  | 05/08/2014 | 12:44 pm  | (800) 511-3207   |
| 9.  | 05/08/2014 | 03:45 pm  | (800) 511-3207   |
| 10. | 05/08/2014 | 03:55 pm  | (800) 511-3207   |
| 11. | 05/08/2014 | 06:56 pm  | (800) 511-3207   |
| 12. | 05/09/2014 | 09:47 am  | (800) 511-3207   |
| 13. | 05/09/2014 | 12:48 pm  | (800) 511-3207   |
| 14. | 05/09/2014 | 03:49 pm  | (800) 511-3207   |
| 15. | 05/09/2014 | 06:49 pm  | (800) 511-3207   |
| 16. | 05/12/2014 | 09:57 am  | (800) 511-3207   |
| 17. | 05/12/2014 | 12:57 pm  | (800) 511-3207   |
| 18. | 05/12/2014 | 03:58 pm  | (800) 511-3207   |
| 19. | 05/12/2014 | 08:59 am  | (800) 511-3207   |
| 20. | 05/13/2014 | 09:41 am  | (800) 511-3207   |
| 21. | 05/13/2014 | 12:42 pm  | (800) 511-3207   |
| 22. | 05/13/2014 | 03:42 pm  | (800) 511-3207   |
| 23. | 05/13/2014 | 06:43 pm  | (800) 511-3207   |
| 24. | 05/14/2014 | 09:51 am  | (800) 511-3207   |
| 25. | 05/14/2014 | 12:04 pm  | (800) 511-3207   |
| 26. | 05/14/2014 | 12:52 pm  | (800) 511-3207   |
| 27. | 05/14/2014 | 03:52 pm  | (800) 511-3207   |
| 28. | 05/14/2014 | 06:54 pm  | (800) 511-3207   |
| 29. | 05/15/2014 | 09:41 am  | (800) 511-3207   |
| 30. | 05/15/2014 | 10:00 am  | (800) 511-3207   |
| 31. | 05/15/2014 | 12:41 pm  | (800) 511-3207   |
| 32. | 05/16/2014 | 09:47 am  | (800) 511-3207   |
| 33. | 05/16/2014 | 12:47 pm  | (800) 511-3207   |
| 34. | 05/16/2014 | 03:48 pm  | (800) 511-3207   |
| 35. | 05/16/2014 | 06:32 pm  | (800) 511-3207   |
| 36. | 05/16/2014 | 06:49 pm  | (800) 511-3207   |
| 37. | 05/19/2014 | 09:55 am  | (800) 511-3207   |
| 38. | 05/19/2014 | 12:55 pm  | (800) 511-3207   |
| 39. | 05/19/2014 | 03:56 pm  | (800) 511-3207   |
| 40. | 09/04/2014 | 09:37 AM  | 800-511-3207     |



EXHIBIT "B"

# Phone Call Log for (813) 245-5012

| | | | |
|---|---|---|---|
| 41. | 09/04/2014 | 09:48 AM | 800-511-3207 |
| 42. | 09/04/2014 | 12:48 PM | 800-511-3207 |
| 43. | 09/04/2014 | 03:49 PM | 800-511-3207 |
| 44. | 09/05/2014 | 09:30 AM | 800-511-3207 |
| 45. | 09/05/2014 | 12:31 PM | 800-511-3207 |
| 46. | 09/05/2014 | 03:31 PM | 800-511-3207 |
| 47. | 09/05/2014 | 06:33 PM | 800-511-3207 |
| 48. | 09/08/2014 | 09:43 AM | 800-511-3207 |
| 49. | 09/08/2014 | 12:43 PM | 800-511-3207 |
| 50. | 09/08/2014 | 03:44 PM | 800-511-3207 |
| 51. | 09/08/2014 | 06:56 PM | 800-511-3207 |
| 52. | 09/09/2014 | 09:31 AM | 800-511-3207 |
| 53. | 09/09/2014 | 12:31 PM | 800-511-3207 |
| 54. | 09/09/2014 | 03:32 PM | 800-511-3207 |
| 55. | 09/09/2014 | 06:32 PM | 800-511-3207 |
| 56. | 09/10/2014 | 09:37 AM | 800-511-3207 |
| 57. | 09/10/2014 | 11:42 AM | 800-511-3207 |
| 58. | 09/10/2014 | 12:37 PM | 800-511-3207 |
| 59. | 09/10/2014 | 03:38 PM | 800-511-3207 |
| 60. | 09/10/2014 | 06:39 PM | 800-511-3207 |
| 61. | 09/11/2014 | 09:32 AM | 800-511-3207 |
| 62. | 09/15/2014 | 09:43 AM | 800-511-3207 |
| 63. | 09/15/2014 | 12:44 PM | 800-511-3207 |
| 64. | 09/15/2014 | 03:45 PM | 800-511-3207 |
| 65. | 09/15/2014 | 06:46 PM | 800-511-3207 |
| 66. | 09/16/2014 | 09:31 AM | 800-511-3207 |
| 67. | 09/16/2014 | 12:32 PM | 800-511-3207 |
| 68. | 09/16/2014 | 03:33 PM | 800-511-3207 |
| 69. | 09/16/2014 | 06:34 PM | 800-511-3207 |
| 70. | 09/17/2014 | 09:38 AM | 800-511-3207 |
| 71. | 09/22/2014 | 07:26 AM | 800-511-3207 |
| 72. | 09/22/2014 | 09:23 AM | 800-511-3207 |
| 73. | 09/22/2014 | 12:43 PM | 800-511-3207 |
| 74. | 09/22/2014 | 03:44 PM | 800-511-3207 |
| 75. | 09/22/2014 | 06:45 PM | 800-511-3207 |
| 76. | 09/23/2014 | 12:33 PM | 800-511-3207 |
| 77. | 09/23/2014 | 02:00 PM | 800-511-3207 |
| 78. | 09/23/2014 | 03:34 PM | 800-511-3207 |
| 79. | 09/25/2014 | 09:34 AM | 800-511-3207 |
| 80. | 09/25/2014 | 12:34 PM | 800-511-3207 |
| 81. | 09/25/2014 | 03:35 PM | 800-511-3207 |
| 82. | 09/25/2014 | 06:36 PM | 800-511-3207 |

# Phone Call Log for (813) 245-5012

| | | | |
|---|---|---|---|
| 83. | 09/26/2014 | 09:36 AM | 800-511-3207 |
| 84. | 09/26/2014 | 12:37 PM | 800-511-3207 |
| 85. | 09/26/2014 | 03:39 PM | 800-511-3207 |
| 86. | 09/26/2014 | 06:40 PM | 800-511-3207 |
| 87. | 09/29/2014 | 09:40 AM | 800-511-3207 |
| 88. | 10/01/2014 | 09:36 AM | 800-511-3207 |
| 89. | 10/01/2014 | 12:36 PM | 800-511-3207 |
| 90. | 10/01/2014 | 03:37 PM | 800-511-3207 |
| 91. | 10/01/2014 | 06:38 PM | 800-511-3207 |
| 92. | 10/02/2014 | 09:32 AM | 800-511-3207 |
| 93. | 10/02/2014 | 12:33 PM | 800-511-3207 |
| 94. | 10/02/2014 | 03:34 PM | 800-511-3207 |
| 95. | 10/02/2014 | 06:34 PM | 800-511-3207 |